DOCKET NO. 513

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE WICKES COMPANIES, INC. SECURITIES LITIGATION

TRANSFER ORDER

This litigation consists of five[1] actions pending in two districts: four actions in the Southern District of California, and one action in the District of Minnesota. Presently before the Panel is a motion, pursuant to 28 U.S.C. §1407, to centralize all actions in the Southern District of California for coordinated or consolidated pretrial proceedings.

On the basis of the papers filed and the hearing held, the Panel finds that these actions involve common questions of fact and that centralization of these actions under Section 1407 in the Southern District of California will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Common factual questions arise from the allegations in these actions that defendants violated various securities laws by fraudulently misrepresenting the financial conditions and interrelationships of three corporations -- Gamble-Skogmo, Inc.; The Wickes Corporation; and Wickes Companies, Inc. Centralization under Section 1407 is therefore necessary in order to prevent duplication of discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary.

We conclude that the Southern District of California is the most preferable transferee district for this litigation given that (1) most of the actions are already pending in the Southern District of California; (2) San Diego served as Wickes' headquarters during the period relevant to this litigation, and accordingly many relevant documents and witnesses are located there; and (3) discovery is further advanced in the California actions than in the Minnesota action.

---

[1] Since the motion to transfer was submitted to the Panel, two additional actions -- Katz v. McNeely, et al., C.D. California, C.A. No. 82-3253KN, and Hubner v. McNeely, et al., C.D. California, C.A. No. 82-3344MRP -- were filed in the Central District of California. These actions were subsequently transferred to the Southern District of California pursuant to 28 U.S.C. §1404(a). Another action -- Adele Greene v. David J. Primuth, et al., S.D. California, C.A. No. 82-0920-GT -- was also filed in the Southern District of California. These actions will be treated as potential tag-along actions in accordance with Rule 10(a), R.P.J.P.M.L., 89 F.R.D. 273, 279 (1981).

-2-

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action listed on the attached Schedule A and pending in the District of Minnesota be, and the same hereby is, transferred to the Southern District of California and, with the consent of that court, assigned to the Honorable William B. Enright for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

<u>MDL-513 -- In re Wickes Companies, Inc. Securities Litigation</u>

    <u>Southern District of California</u>
<u>William Freedman, et al. v. David J. Primuth, et al.</u>,
  C. A. No. 82-0699-G(I)
<u>Mildred Martha Mario v. David J. Primuth, et al.</u>,
  C. A. No. 82-456-E(I)
<u>Gary Zatkin v. David J. Primuth, et al.</u>,
  C. A. No. 82-0602-GT(H)
<u>Edward P. Sumers v. Wickes Companies, Inc., et al.</u>,
  C. A. No. 82-0990-E(I)
    <u>District of Minnesota</u>
<u>Gretchen M. Groebner, et al. v. Wickes Companies, Inc., et al.</u>,
  C. A. No. 4-82-561